[Civ. No. 8943.  First Appellate District, Division One.—April 30, 1934.]

HOWARD F. SHEPHERD et al., Respondents, v. PAUL A. HAUSER, INCORPORATED (a Corporation), Appellant.

Louis N. Whealton and Raymond J. Kirkpatrick for Appellant.

Howard F. Shepherd, *in pro. per.*, for Respondents.

TYLER, P. J.—This is an action in the nature of a suit for declaratory relief, for the purpose of having the terms of a contract interpreted by the court. The defendant Paul A. Hauser, Incorporated, demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled and said defendant answered, denying the material allegations set forth in the complaint. The trial court found that the contract was void for lack of certainty, and rendered judgment for plaintiffs. The said defendant thereupon filed a motion for a new trial and, the same being denied by the court, it appealed from said judgment. This action was commenced in September, 1929.

On June 13, 1923, an agreement was entered into between Paul A. Hauser and Euretta B. Henderson by the terms of which the said Hauser agreed to sell to said Henderson certain real property in the county of Los Angeles for the sum of $2,750, of which amount said Henderson paid $500 in cash, the remainder of said purchase price to be paid in monthly installments of $10 per month, commencing on July 13, 1923, and continuing thereafter until said purchase price should be paid down to an encumbrance of $700, which encumbrance Henderson was to assume; Hauser, on receiving full payment at the times and in the manner hereinabove set forth, to execute and deliver to said Henderson a good and sufficient deed to said property, free and clear of all encumbrance, except taxes of 1923–24 and the encumbrance referred to. Payments of $10 per month were made on said purchase price from June, 1923, the time the contract was entered into, until January 13, 1930. No payments were made after this date. A balance of $1416, with

interest, remains unpaid from said last-named date. By successive assignments all rights under said agreement are vested in appellant, and by successive assignments Lulu H. Shepherd is the owner of one-half of the interest in said agreement, and Euretta B. Henderson and Howard F. Shepherd are each the owners of one-fourth interest therein. After the execution of the said agreement Paul A. Hauser executed a mortgage upon said premises in favor of one L. G. Stone to secure a note for $700 due two years after date. Thereafter, on June 26, 1928, the Hauser Real Estate & Building Co. (assignee of said agreement) executed a trust deed covering said property to Western Trust & Savings Bank, as trustee for George and Anna Berg, to secure a note for $700 due in three years after date. On December 8, 1928, the said mortgage executed to L. G. Stone was released.

Appellant contended that no actual controversy existed between the parties over the said agreement and that therefore respondents had no cause of action, for the reason that section 1060 of the Code of Civil Procedure, providing for declaratory relief, is in express terms limited and confined to cases where there has been no breach of the contract, and to cases where a real or actual controversy exists.

Plaintiffs alleged in their complaint: That there is an actual controversy between the parties to said agreement, in that they are informed and believe, and upon such ground allege, that the defendants claim the said language in said agreement relating to said $700 encumbrance gives the defendants the right to have the said property subject to an encumbrance of $700 at all times, irrespective of whether or not such encumbrance is to be secured by a mortgage or deed of trust, and irrespective of the rate of interest or for what period of time the said encumbrance shall run; "that the plaintiffs are unable to ascertain from the language of the said contract what their rights and obligations are respecting the said encumbrance of $700; that if these plaintiffs make their payments under said agreement at the rate of $10 per month, in accordance with its provisions, it will be approximately seven years before the said agreement is paid down to $700, and that the note secured by the trust deed above mentioned and executed by the said Hauser Real Estate & Building Co. will mature and be payable as a whole on

August 3rd, 1931; and the plaintiffs are further in doubt as to whether or not, in view of the provisions of said agreement relating to said encumbrance, whether such agreement is so indefinite and uncertain as to be in fact no agreement at all''.

The trial court found that there was an actual controversy over the validity of the agreement, and found further that the agreement was void for the lack of certainty. Under section 1060 of the Code of Civil Procedure, any person interested in a deed, will or other written instrument, who desires a declaration of his rights with respect to another, in cases where an actual controversy exists, may bring an action for a declaration of his rights and duties in the premises, including a determination of any question of construction or validity arising under such instrument or contract, and such declaration may be had before there has been any breach of the obligation in respect to which said declaration is sought. The record in this case shows beyond question that there was no actual controversy existing between the parties over the validity of said agreement for uncertainty or dearth of facts, and that the same was not void for this reason as found by the trial court, but on the contrary, that the agreement is valid and binding.

The contract contains a sufficient legal description of the property, the names of the parties, the amount of the purchase price and the manner and time of payment. The record also shows that the parties fully understood the terms thereof, which were fully performed for a period of some six years. During all of this time, and up to the filing of the complaint, nothing was ever said concerning the character of the encumbrance to be placed upon the property, and in fact plaintiffs had not paid the purchase price down to the balance of $700 at which time they were entitled to a conveyance subject to the encumbrance. An encumbrance means the putting of property in pledge for the payment of money. (*Sullivan* v. *Barry*, 46 N. J. L. 1.) That there was no objection on the part of plaintiffs to the character of the encumbrance to be placed upon the property is evidenced by correspondence had between the parties. Plaintiffs were informed by letter, long before they filed their complaint, that a deed of trust was to be substituted for the existing mortgage and they made no objection to

this change but continued to make their payments in accordance with the contract. There was therefore no controversy between the parties upon this subject. Had there been, defendants might have agreed upon any form desired by plaintiffs, which they here assert they would have done. The fair inference to be drawn from the transaction is that the parties had reference to the mortgage for the sum of $700 that was placed upon the property at or about the time the contract was entered into. Nor is the contract indefinite as to the rate of interest to be paid. It provides that the balance of the purchase price shall draw interest at the rate of eight per cent per annum. The encumbrance provided for was part of the unpaid balance. The same may be said as to the period the encumbrance should run. In this connection the contract provided when and in what amounts payments should be made, and the only reasonable inference to be drawn from this provision is that it was to exist during the period necessary to make such payments. It seems clear that this is what was in the contemplation of the parties.

An interpretation should be given to the contract which would make it valid rather than void. It would be inequitable and unfair to permit respondents to hold control of the property for the number of years they have, without complaint, and have the advantage during all that period to acquire a profit by reason of the possible advance in value, and then in the event that land values went down to set up the contention that the contract was void for the fancied objections raised and obtain back all the money they had paid. Part payment upon a contract to purchase land cannot be recovered by a purchaser if he refuses to make genuine effort to reach an agreement upon some fancied defect in the contract. Were the position of the parties reversed and defendants were seeking to avoid a conveyance on the grounds here claimed by plaintiffs they would certainly meet with no success.

We conclude that the evidence fails to show that any real controversy existed between the parties and that the contract was not void for uncertainty as found by the trial court. The judgment is reversed.

Knight, J., and Cashin, J., concurred.